UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAUN RUSHING,

                    Plaintiff,

          -against-

MEYERS GROCERIES STORES, INC.,

                    Defendant.

21-CV-6149 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of Grand Rapids, Michigan, brings this action *pro se*. By order dated August 9, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff submits nine one-page complaints regarding events that took place in Michigan, where he resides. The Clerk of Court opened Plaintiff's complaints as one civil action under docket number 21-CV-6149.

A search of the Public Access to Court Electronic Records ("PACER") database shows that by order dated July 31, 2007, the Honorable Robert Holmes Bell of the United States District Court for the Western District of Michigan determined that Plaintiff had filed 27 civil rights actions that contained allegations that were "indisputably meritless" in a single month under three different names.[1] Based on Plaintiff's litigation history, Judge Bell permanently

---

[1] With respect to his identity, the Western District of Michigan noted that according to the Michigan Department of Corrections Offender Tracking Information System (OTIS), Plaintiff's

enjoined Plaintiff from filing any future actions IFP in that court. *Rushing v. Wyoming Police Dep't*, No. 07-CV-0711 (RHB), Doc. 5 (W.D. Mich. July 31, 2007). PACER also shows that, by order dated April 6, 2021, Magistrate Judge Phillip J. Green of the United States District Court for the Western District of Michigan rejected a complaint that Plaintiff attempted to file in that court. *See In re RESTRICTED FILER Shaun Rushing*, No. 1:21-MC-2021, Doc. 48 (W.D. Mich. Apr. 6, 2020).[2] Three days after Magistrate Judge Phillip J. Green rejected Plaintiff's complaint, Plaintiff filed a complaint in this Court and, by order dated April 26, 2021, the Court dismissed that action as frivolous. *See Rushing v. U.S. District Court*, ECF 1:21-CV-3200, 4 (S.D.N.Y. Apr. 26, 2021).

On July 15, 2021, Plaintiff filed the complaints in this action. These complaints appear "indisputably meritless," much like the complaints filed in the Western District of Michigan.

## DISCUSSION

### A.    Improper Venue

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

name is Alexis Legree and he has several known aliases, including Shaun Rushing and Bilbo Grant. *Rushing v. Wyoming Police Dep't*, No. 07-CV-0711 (RHB), Doc. 5, at 8 n.1 (W.D. Mich. July 31, 2007).

[2] PACER also shows that, by order dated April 13, 2021, Magistrate Judge Sally J. Behrens rejected another complaint that Plaintiff attempted to file in the Western District of Michigan. *See id.*, Doc. 52.

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff filed this complaint regarding events occurring exclusively in Michigan. Plaintiff does not allege that a substantial part of the events or omissions underlying his claims arose in this District. Venue is therefore not proper in this Court under § 1391(b)(1) or (2).

In light of Plaintiff's litigation history and the similarity of his complaints in this case to the dismissed complaints in the Western District of Michigan, the Court finds that it is not in the interest of justice to transfer this matter to the United States District Court for the Western District of Michigan. Instead, the Court dismisses it without prejudice.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action without prejudice for improper venue. *See* 28 U.S.C. § 1406(a).

## B.   Warning

In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware when he filed this action that his claims are nonmeritorious. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, he is warned that

further nonmeritorious litigation in this Court will result in an order barring Plaintiff from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice for improper venue. *See* 28 U.S.C. § 1406(a). Plaintiff's request for counsel (ECF No. 3) is denied as moot.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    August 17, 2021
          New York, New York

                                              /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                         Chief United States District Judge